Evans, J.
delivered the opiniop of the Court.
The first ground of appeal is, “that the Circuit Judge permitted the defendant to offer evidence of material statements made by Richard Jones, his own witness, different from his statement on oath.” We concur with the presiding Judge. The mistake consists in this — that because the defendant had examined Jones, he was therefore 'his witness. The fact is not so. lie was out of the State, and of course the plaintiff had a right to give his deed in evidence, by proving Jones’s hand-writing. When he had done so, the defendant *146 might rebut the legal presumption that every thing was right in the execution, by giving in evidence what the witness had said on the subject. This was decided in the case of McElwee v. Sutton, 2 Bail. 128. In that case the witness was dead, and the deed was admitted, on proof of his signature; the other side was allowed to show that the witness had said and made an affidavit that the deed was antedated. It cp.n make no difference that the witness m that case was dead. Proof of hand-writing, where the witness is out of the State, is admitted on the same principle as where the witness is dead. The law presumes that if the witness were present he would prove every thing necessary to the validity of the deed; and of course the other side may contradict him in all the ordinary ways by which the evidence of a witness may be destroyed. It may be done by cross-examination or by proving contradictory statements. The examination by commission in this case was in effect a cross-examination of the witness, and the case must be regarded as if the plaintiff had produced Jones in open Court, and by him had proved the due execution of his deed. The defendant might then have cross-examined him, and afterwards called McCarty to prove his declarations as to what had occurred at the execution of the deed, This decision does not in any way infringe on the rule that a party shall not discredit his own witness by showing former and inconsistent declarations, or in any other way destroy the credit of his own witness. There are cases, according to the authorities, where this may be done, but it is unnecessary to notice them here, as the case does not require it. On the second ground the Circuit Court was clearly right, and the fifth and sixth are settled by the verdict of the jury. Upon these, therefore, no observations will be made.
It appears, from the report of the case, that Williams conveyed forty acres of the land to the defendant’s father, from whom, by descent or purchase, it had come to the present defendant, thus making him a party to the deed. In this deed it is recited that the land was granted to Thos. Adams, and by him conveyed to Howland Williams, and from this it is argued that the defendant is estopped from disputing the truth of that fact. In Greenleaf’s Ev. sec. 225, it is said 4< that estoppels may be ranked in the class of presumptions. A man is said to be estopped when he has done some act which the policy of the law will not permit him to gainsay or deny. If there be a recital in a deed of certain facts, there is implied a solemn engagement that- the facts are true as re? *147 cited. But they must be certain to every intent, for no one shall be denied setting up the truth, unless it is in plain contradiction to his former allegations and acts.” In this case the defendant’s father made no allegations; he only accepted a deed from Williams, containing a recital that the grantee ’Bhomas Adams had conveyed to him. This, to the extent of his purchase, might amount to an estoppel, but bis acts go no further, and I apprehend the admission can go no further than his acts. There is a legal principle that where both parties derive title from the same source, the plaintiff, m tracing his title, need not go beyond the common origin of both his and the defendant’s title, on the ground that, by accepting a title, he admits a right to convey in his grantor. But iri the case of Robertson ads. Hill, decided in December last, and not yet reported, where the principle above stated was applied, it was not supposed the doctrine of estoppel had any application. I should suppose that the most that can be said in this case is, that the recital on the deed might amount to á prima facie admission that Rowland Williams’ title was good — but this would leave the question open for discussion whether the Thomas Adams who conveyed to him was the man of that name to whom the land was granted, and that question has been decided in the negative by the jury. The only remaining question is that made in the fourth ground, which alleges that the presiding Judge should have instructed the jury that a grant or mesne conveyance from Adams, the grantee, to Williams, could be presumed in order to perfect the plaintiff’s title. In the elementary books (See Starkie’s Bv. part 4,1240,) presumptions are said to be of three kinds. 1st, Presumptions of law, which correspond with the pre-sumptio juris et de jure of the civilians. These are conclusive and cannot be- rebutted. 2d, Presumptions of law and fact. These are like the presumptio juris of the civil law. Of these the presumption of payment of a bond or. of a grant after 20 years, is an illustration. The 3d kind are presumptions of fact, and are mere inferences calculated to produce belief, and have no legal efficacy beyond their tendency to satisfy the mind of the truth of the alleged fact. Of this the case of Quash v. Pinckney is an instance, where it was held the fourteen years non-payment of interest or other recognition of the debt, with other circumstances, would authorize the presumption, as a matter of belief, that the debt was paid. But presumptions of law are like the statutes of limitations. They are artificial rules which have a legal effect independent of any belief, and stand in the place of proof until the contrary be shown, The presumption in the case *148 undef consideration, if it exists, belongs to this class, and the question we are to decide is, whether there was any thing in the case which required of the Circuit Court the instruction to the jury that they might presume the existence of the deed in question. The rule laid down in McClure v. Hill, 2 Con. Rep. 420, is, that a continuous adverse possession of twenty years raises the presumption of a grant, in the absence of any of those facts which go to rebut the presumption. This rule has been followed in all the subsequent cases: in Noland v. Hutchinson, 2 Bailey; McLeod v. Rogers & Gardner, 2 Rich. 22. The’facts necessary to authoiize the presumption are, that the possession was adverse, and that it was continuous for 20 years. Without these requisites, I do not. remember any case where a title has been presumed. Jn this case there was something like a possession, but it was of doubtful character, and was for a period of less than ten years. 1 sardless than ten years, for if a clear possession for that period had been established, the jury would have supported the plaintiff's title, under the statute of limitations. The case of Smith v. Griffin, (3 vol. Man. decisions) was supposed in the argument to countenance the opinion that a period less than 20 }rears would authorize the presumption of a deed. In that case Moore and those under whom he claimed had been in possession from 1774 to 1794-5 or 6. There was an interval of two years during which Moore did not reside on the land, but some of the witnesses said that during the two years’ absence he left an overseer and cultivated the land. The presiding Judge1 thinking that this did not supply the place of a deed from Moore, nonsuited the plaintiff. The Appeal Court set it aside, on the ground that it should have been left to the jury. But it was argued that as Williams, whilst he claimed to be the owner of the land, had sold portions of it to several persons, who have been holding under his title for forty years, their possession shall enure to the benefit, of the plaintiff, and authorize a presumption that Williams had a good and valid title. If the question was whe-. ther the title of these purchasers should be sustained by the presumption, there could be no doubt. The law should presume a deed or grant or any thing else which might be necessary to support such a possession, but it does not go beyond this. Williams might very well have had a conveyance from the real grantee for the land which he conveyed, whilst his title to the residue of the tract might be under his deed from Sand-hill Tom Adams, who the jury have decided was •not the real grantee.. The law does not go beyond the presumption of what, is necessary to support the possession»
*149 I think, therefore, there was no error in the Circuit Court on any of the grounds stated in the brief, and the motion for a new trial is dismissed.
Richardson, J. Wardlaw, J. Frost, J. and Withers, J. concurred.
Motion dismissed.-